# IIN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In Re JAMES L. GAROFALO,<br>    Debtor, | Case No. 18-23491<br>Chapter 7 |
| ROBERT TIBBALS and LINDSEY TIBBALS,<br>    Plaintiffs, | Adv. Proc. No. |
| v. | |
| JAMES L. GAROFALO,<br>    Defendant. | |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBT

Plaintiffs Robert Tibbals and Lindsey Tibbals, by and through their attorneys Leland Grove Law LLC, as and for their Complaint Objecting to Discharge of Debt against the Debtor James L. Garofalo ("Garofalo"), state as follows.

### Parties, Jurisdiction and Venue

1.  Plaintiff Robert Tibbals ("Robert") and Lindsey Tibbals ("Lindsey") are individuals who reside in Muskegon, Michigan

2.  Garofalo is an individual who is the Debtor in the above-captioned Chapter 7 bankruptcy case and who, at all times relevant hereto, resided in Cook County, Illinois.

3.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This filing is a core proceeding under 28 U.S.C. §157(b)(2)(I).

4.  Venue is proper pursuant to 28 U.S.C. §1409(a).

5.  Plaintiffs consent to the entry of final orders or judgment by the bankruptcy court.

**Factual Background**

6.Robert met Garofalo in August 2012 when Garofalo was negotiating a business transaction with Robert's then employer, E & I Holdings, Inc. ("E & I Holdings"), which owned and operated various "Egg & I" restaurants. Garofalo was negotiating a deal with E & I Holdings to convert an existing restaurant in Illinois that Garofalo owned and operated into an Egg & I franchise restaurant, and to open additional Egg & I franchise restaurants in the Chicagoland area.

7.Robert, who at the time resided in Colorado Springs, Colorado, traveled to Illinois on several occasions between August and December of 2012 on behalf of E & I Holdings for purposes of evaluating the proposed franchise deal and working with Garofalo to convert Garofalo's existing restaurant into an Egg & I franchise.

8.Lindsey first met Garofalo in November of 2012, when she traveled to Illinois with Robert to assist in the conversion of Garofalo's existing restaurant into an Egg & I franchise restaurant. Like Robert, Lindsey resided in Colorado Springs, Colorado at the time and was employed by E & I Holdings.

9.On or about December 9, 2012, Garofalo orally offered Plaintiffs employment and ownership interests in two of Garofalo's existing restaurants and in other restaurants that Garofalo proposed opening with Plaintiffs in the future.

10.On or about December 18, 2012, Garofalo sent each Plaintiff a written offer of employment with Grady Restaurant Group, LLC, a limited liability company that at all times relevant operated a restaurant under the assumed name of Grady's Grille.

11.Upon information and belief, Garofalo is, and at all times relevant has been, the sole manager of Grady Restaurant Group, LLC.

12. Plaintiffs each signed their respective written offer from Garofalo on January 3, 2013.

13. The offer signed by Robert ("Robert's Agreement"), a copy of which is attached hereto and incorporated herein as Exhibit A, provides that Robert would be the Director of Operations for Grady's Grille and "other locations," that Robert's "base" annual salary would be $75,000, and that, in addition to his employment position, Robert would have ownership in Grady's Grille and "other locations. See attached." The referenced attachment to Robert's Employment Agreement identifies the "other locations" and specifies that Robert was to obtain a 10% interest in Grady's Grille, a 15% interest in Egg Lagrange TP, Inc., and a 15% interest in "Other Egg & I Locations."

14. Robert's Agreement required Robert to provide services. It did not require Robert to provide any capital to any business venture, nor did it make him responsible for any losses incurred by any business venture.

15. Robert performed any and all conditions precedent under Robert's Agreement.

16. The written offer signed by Lindsey ("Lindsey's Agreement"), a copy of which is attached hereto and incorporated herein as Exhibit B, provided that Lindsey would be the General Manager for Grady's Grille, that her "base" annual salary would be $65,000, and that, in addition to her employment as General Manager, she would have ownership in Grady's Grille and "other locations as discussed. See attached." The referenced attachment to Lindsey's Employment Agreement identifies the "other locations" and specifies that Lindsey was to obtain a 10% interest in Grady's Grille, a 15% interest in Egg Lagrange TP, Inc., and a 15% interest in "Other Egg & I Locations."

17. Lindsey's Agreement required Lindsey to provide services. It did not require Lindsey to provide any capital to any business venture, nor did it make her responsible for any losses incurred by any business venture.

18. Lindsey performed any and all conditions precedent under Lindsey's Agreement.

19. On information and belief, Egg Lagrange TP, Inc. was a corporate entity that owned and operated a restaurant on Lagrange Road, in Tinley Park, Illinois ("Egg Lagrange"). Egg Lagrange TP, Inc. was involuntarily dissolved on Aril 11, 2014. On information and belief, beginning in or about June 2015, Egg Lagrange was owned and operated by Egg Lagrange TP, LLC, a limited liability company created on June 24, 2015, and managed exclusively by Garofalo.

20. In reliance on their respective Agreements and the oral representations made to them by Garofalo, Plaintiffs resigned from their employment with E & I Holdings, moved to Illinois and began working for Garofalo in March 2013.

21. In or about January 2014, Plaintiffs met with Garofalo at Grady's Grille and asked Garofalo whether they would be receiving a distribution based on their ownership interest in Grady's Grille and Egg LaGrange. Garofalo told Plaintiffs they would not be receiving a distribution at that time because the losses realized by Egg Lagrange offset the profits realized by Grady's Grille.

22. In May or June of 2014, Robert met with Garofalo at Egg Lagrange and again asked about distributions. Garofalo told Robert that he received an offer to purchase three Honey Jam Café restaurants located in the Chicagoland area, and that Plaintiffs would not be receiving a distribution at that time because all the profits from Grady's Grille and Egg Lagrange would be applied toward the purchase price. Garofalo requested that Plaintiffs assist him in evaluating the

4

offer to purchase the Honey Jam Café restaurants, and stated that each of them would be a 15% owner of the Honey Jam Café restaurants in the event they were purchased.

23. In the discussions that followed, Plaintiffs made an oral agreement with Garofalo (the "Honey Jam Agreement") under which Plaintiffs agreed to help Garofalo evaluate the offer and, in the event that the Honey Jam Café restaurants were purchased, to operate them; Garofalo, for his part, agreed that Plaintiffs would each acquire a 15% interest in all three restaurants.

24. On information and belief, Garofalo created Garofalo Restaurant Group, LLC on September 5, 2014, a limited liability company in which Garofalo was the sole manager, to own and operate the three Honey Jam Café restaurants under the assumed name Honey-Jam Café.

25. On or about September 11, 2014, Garofalo Restaurant Group, LLC purchased the Honey Jam Café restaurants, and, as provided for by the Honey Jam Agreement, Plaintiffs operated and managed the Honey Jam Café restaurants from September 2014 through September 2016.

26. Plaintiffs performed any and all conditions precedent under the Honey Jam Agreement.

27. On or about September 3, 2016, Garofalo informed Robert that he intended to sell the Honey Jam Café restaurants for $1.7 million. Robert demanded at that time that he and Lindsey receive their proportionate share of the proceeds from the sale. Garofalo told Robert there would be no proceeds to distribute.

28. On information and belief, Garofalo sold the Honey Jam Café restaurants on September 19, 2016, and misappropriated the proceeds of the sale for his own, personal use.

29. On information and belief, at all relevant times, Garofalo paid for personal expenses out of bank accounts held in the corporate names Garofalo Restaurant Group, LLC, Grady Restaurant Group, LLC and Egg Lagrange TP, LLC (collectively, the "LLCs").

30. Plaintiffs have never received any distributions or other payments from Garofalo or the LLCs based on Plaintiffs' ownership interests in Grady's Grille, Egg Lagrange or the Honey Jam Café restaurants.

31. At all relevant times, Garofalo held Plaintiffs out as owners of Grady's Grille, Egg Lagrange and the Honey Jam Café restaurants, and it was always understood among the parties that Plaintiffs each held a 15% ownership interest in Egg Lagrange and the Honey Jam Café restaurants and a 10% interest in Grady's Grille.

32. Garofalo's representations to Plaintiffs about the profitability of Grady's Grille, Egg Lagrange and the Honey Jam Café restaurants were false, known to be false by Garofalo, and made by Garofalo with intent to deceive Plaintiffs. On information and belief, the restaurants were, in fact, profitable, and would have been even more profitable if Garofalo had not been paying his personal expenses out of the LLCs' accounts. Further, contrary to his false representations, Garofalo earned a substantial profit from the sale of the Honey Jam Café restaurants.

### Garofalo's Fiduciary Duties to Plaintiffs

33. Plaintiffs are members of Grady Restaurant Group, LLC, each holding a 10% interest in the company.

34. Plaintiffs are members of Egg Lagrange TP, LLC, each holding a 15% interest in the company.

35. Plaintiffs are members of Garofalo Restaurant Group, LLC, each holding a 15% interest in the company.

36. As the manager of all three LLCs, Garofalo owed Plaintiffs fiduciary duties of loyalty and care pursuant to the Illinois Limited Liability Company Act, 805 ILCS 180/15-3, including the duties to:

6

  a. Account to the LLCs and to hold as trustee for them any property, profit, or benefit derived by him in conducting the LLCs' business or derived from his use of the LLCs' property;

  b. Act fairly in the conduct or winding up of the company's business;

  c. Refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law; and

  d. Discharge his duties to the LLCs and their members in a manner consistent with the obligation of good faith and fair dealing.

### Garofalo's Willful Breaches of His Fiduciary Duties

37. Garofalo deliberately, and with willful and wanton disregard for Plaintiffs' rights, breached his fiduciary duties to Plaintiffs in one or more of the following ways:

  a. By failing to provide Plaintiffs with accountings of the profits, losses and distributions for Grady's Grille, Egg Lagrange and the three Honey Jam Café restaurants;

  b. By misappropriating the proceeds realized from the sale of the Honey Jam Café restaurants;

  c. By paying personal expenses from bank accounts held in the LLCs' names;

  d. By misrepresenting the profitability of the restaurants and the sale of the Honey Jam Café restaurants, and intentionally deceiving Plaintiffs concerning such profitability;

  d. By failing to distribute to Plaintiffs their respective 15% shares in the property, profit and benefit derived from the sale of the Honey Jam Café restaurants;

  e. By failing to make any distributions to Plaintiffs whatsoever from March 2013 to the present; and

7

  f. By otherwise failing to discharge his duties to the LLCs and Plaintiffs in a manner consistent with the obligation of good faith and fair dealing.

38. As a direct and proximate result of one or more of the forgoing acts or omissions, Plaintiffs suffered damages, including but not limited to:

  a. Amounts equal to 15% of the net proceeds of the sale of the Honey Jam Café restaurants;

  b. Amounts equal to 10% of the profits earned by Grady Restaurant Group, LLC from March 1, 2013 to present;

  c. Amounts equal to 15% of the profits earned by Egg Lagrange TP, LLC from March 1, 2013 to present; and

  d. Amounts equal to 15% of the profits earned by the Honey Jam Café restaurants from September 1, 2014 to the present.

### Cook County Litigation

39. On October 17, 2016, Plaintiffs filed suit against Garofalo and several of the LLCs in the Circuit Court of Cook County, Illinois, Case No. 2016-CH-13611. Plaintiffs' First Amended Complaint contains the following Counts: (1) accounting; (2) breach of fiduciary duty; (3) breach of Robert's Agreement; (4) breach of Lindsey's Agreement; (5) breach of Honey Jam Agreement; (6) quantum meruit; and (7) conversion. After Garofalo filed the above-captioned Chapter 7 bankruptcy case, an Agreed Order was entered in the Cook County Litigation on September 5, 2018 transferring the case to the court's bankruptcy call and staying any further proceedings until the bankruptcy case has terminated or the stay has been lifted.

## COUNT I
## 11 U.S.C. §523(a)(2)

40. Plaintiffs incorporate by reference and reallege paragraphs 1 through 39, above, as paragraph 40 of this Count I.

41. Garofalo's conduct as alleged herein constituted false pretenses, false representations and actual fraud upon which Plaintiffs justifiably relied to their detriment.

42. At the time of Garofalo's false pretenses and representations as alleged herein, Garofalo knew them to be false, or acted with reckless disregard for their truth.

43. Garofalo's false pretenses and representations were carried out with the intent to deceive Plaintiffs.

44. Plaintiffs justifiably relied upon Garofalo's false pretenses and representations.

45. Plaintiffs were defrauded by Garofalo's conduct, Garofalo intended for Plaintiffs to be defrauded, and the fraud created the alleged debt that is the subject of this discharge dispute.

## COUNT II
## 11 U.S.C. §523(a)(4)

46. Plaintiffs incorporate by reference and reallege paragraphs 1 through 39, above, as paragraph 46 of this Count II.

47. Garofalo's conduct as alleged herein constituted defalcation by Garofalo while acting in a fiduciary capacity, embezzlement or larceny.

48. Garofalo's defalcation, embezzlement or larceny created the alleged debt that is the subject of this discharge dispute.

## COUNT III
## 11 U.S.C. §523(a)(6)

49. Plaintiffs incorporate by reference and reallege paragraphs 1 through 39, above, as paragraph 49 of this Count III.

50. Garofalo's conduct as alleged herein constituted willful and malicious injury by Garofalo to Plaintiffs' property interests.

51. Garofalo intended to and did cause injury to Plaintiffs' property interests.

52. Garofalo's actions in causing injury to Plaintiffs' property interests were willful in that they were undertaken with the intent to injure Plaintiffs' property interests or with the knowledge that such injury was substantially certain to result therefrom.

53. Garofalo's actions in causing injury to Plaintiffs' property interests were malicious in that they were undertaken in conscious disregard of Garofalo's duties or without just cause or excuse.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order: (a) exempting from discharge Garofalo's debts and obligations to Plaintiffs alleged herein and arising from the allegations herein; (b) awarding Plaintiffs their costs of suit; and (c) granting any such other and further relief as the Court deems just.

> Respectfully submitted,
>
> ROBERT and LINDSEY TIBBALS
>
> By:  /s/ John F. Shonkwiler
>         One of their attorneys

John F. Shonkwiler
*jshonkwiler@lelandgrovelaw.com*
Stacey M. Shonkwiler
*sshonkwiler@lelandgrovelaw.com*
LELAND GROVE LAW LLC
1032 Sterling Avenue
Flossmoor, Illinois 60422
(708) 794-0022